IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY HAMILTONHAUSEY, | No. C 17-1180 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| JILL R. LEWIS, | (Dkt. 11, 27) |
| Defendants. | |

## INTRODUCTION

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), filed this civil rights action in state court against Jill Lewis, a correctional officer at SQSP. Lewis removed the case to federal court because plaintiff claims that Lewis violated his federal constitutional rights. For the reasons discussed below, the complaint is dismissed with leave to amend.

## ANALYSIS

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  LEGAL CLAIMS**

Plaintiff alleges that Lewis publicly and falsely accused him of stealing tools from his prison employer. He alleges that Lewis did so on three occasions, and that she also fired him from his prison job. Plaintiff claims that Lewis is liable for slander and defamation of plaintiff's character, and that she violated plaintiff's First and Fourth Amendment rights. In a subsequent "amendment" to the complaint, plaintiff claims that Lewis's conduct also violated his Eighth Amendment rights.

Plaintiff's allegations that Lewis defamed and slandered him does not state a constitutional claim because defamation, even when done under color of state law, does not violate the constitution. *See Paul v. Davis*, 424 U.S. 693, 701-710 (1976). To be actionable, there must be more than damage to reputation, there must be "stigma plus," meaning an additional violation of a federal constitutional right or loss of "a right or status previously

recognized by state law." *Id.* at 701; *Cooper v. Dupnik*, 924 F.2d 1520, 1532 n.22 (9th Cir. 1991). Where, as here, the alleged additional damage is the loss of employment, there is no stigma-plus and the defamation does not implicate plaintiff's constitutional rights. *Id.* at 1534 (stigma-plus test cannot be met by alleging collateral consequences of the defamation, such as loss of business or employment).

Plaintiff's allegation that Lewis caused him to lose his job also does not state a claim for the violation of his constitutional rights because there is no constitutional right to a job in prison. *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no right to job). Whatever liberty or property interests inhere in prison employment are the product of state law. *Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir.1984). There is no indication that the State of California has created a protected liberty or property interest in a prison job. The California Constitution states that its provisions on inmate labor shall not be interpreted as creating a right of inmates to work, Cal. Const. art. XIV Section 5, and the state statute which provides for work credits, Section 2933 of the California Penal Code 2933, has been found not to create a protected liberty interest, *Toussaint v. McCarthy*, 801 F.2d 1080, 1095 (9th Cir. 1986).

There is one allegation in the complaint that could conceivably be the basis of a cognizable claim for relief under Section 1983. On one occasion, plaintiff alleges that Lewis's actions "were unreasonable/contained the elements of racial bias" (ECF No. 1-1 at 6). Although there is no liberty or property interest in a prison job, racial discrimination in the assignment of jobs violates equal protection. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004). Plaintiff will be given leave to amend his complaint to allege — if he can do so in good faith — that Lewis falsely accused plaintiff of stealing and terminated him from his job based upon plaintiff's race.

**CONCLUSION**

For the reasons set out above, it is hereby ordered as follows:

1. The complaint is **DISMISSED** with leave to amend, as described above, within **28 days** of the date this order is filed. The amended complaint must include the caption used in

3

this order and the civil case number C 16-2520 WHA (PR) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case</u>.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. Plaintiff's request for assistance of counsel is **DENIED** because there is no right to counsel in a civil case and this case presents no extraordinary circumstances at this stage that warrant such an appointment. Defendant's motion for screening of his complaint is **GRANTED**, above.

IT IS SO ORDERED.

Dated: May 10, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE